IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZACHARY THOMAS SPADA,   :
    Plaintiff                     :
                                   :    No. 1:22-cv-00478
     v.                          :
                                   :    (Judge Rambo)
ULRICH H. KLEMM, et al.,    :
    Defendants             :

**ORDER**

**AND NOW**, on this 28th day of February 2023, upon consideration of the parties' pending motions in the above-captioned action, and in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. The motion to partially dismiss the amended complaint (Doc. No. 27), filed by Defendants Ulrich H. Klemm, Abdulrahman K. Abumarad, Matthew J. Pyo ("Pyo"), Barry R. Smith ("Smith"), and Keri L. Moore ("Moore") (collectively, "Defendants"), is **GRANTED in part and DENIED in part** as follows:

    a. Defendants' motion is **GRANTED** to the extent that Defendants seek dismissal of Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claims for monetary damages against Defendants in their official capacities, and Plaintiff's Section 1983 claims for monetary damages against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**;

    b. Defendants' motion is **GRANTED** to the extent that Defendants seek dismissal of Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims for monetary damages against Defendants in their individual and official capacities, and Plaintiff's RLUIPA claims for monetary damages against Defendants in their individual and official capacities are **DISMISSED WITH PREJUDICE**;

    c. Defendants' motion is **GRANTED** to the extent that Defendants seek dismissal of Plaintiff's Fourteenth Amendment due process claim brought under Section 1983, and Plaintiff's Fourteenth Amendment due process claim is **DISMISSED WITH PREJUDICE**;

    d. Defendants' motion is **GRANTED** to the extent that Defendants seek dismissal of Plaintiff's claims for compensatory damages under Section 1983, and Plaintiff's claims for compensatory damages under Section 1983 are **DISMISSED WITH PREJUDICE**;

    e. Defendants' motion is **DENIED** to the extent that Defendants seek dismissal of Plaintiff's Section 1983 claims against Defendants Pyo, Smith, and Moore based upon lack of personal involvement;

2. Plaintiff's motion for a preliminary injunction (Doc. No. 26) and Plaintiff's motion for leave to file a supplemental complaint (Doc. No. 34) are **DEEMED withdrawn**;

3. Plaintiff is **GRANTED** leave to file a second amended complaint;

4. Plaintiff, if he elects to do so, shall file his second amended complaint within **thirty (30) days** of the date of this Order;

5. Defendants shall file a response to the second amended complaint within **twenty-one (21) days** of the date of its filing on the docket;

6. If Plaintiff does not file a second amended complaint within the thirty (30) days, or if Plaintiff fails to seek an extension of time to do so within the thirty days, then this action will proceed on Plaintiff's amended complaint. In addition, if Plaintiff does not file a second amended complaint within the thirty (30) days, or if Plaintiff fails to seek an extension of time to do so within the thirty days, then Defendants shall file their response to the amended complaint within **twenty-one (21) days** after Plaintiff's thirty (30)-day deadline has expired; and

7. The Clerk of Court shall update the docket of this case as follows: the spelling of Defendant Abdulrahman K. Abumaruad's name shall be changed to Abdulrahman K. Abumurad.

<u>s/ Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge